NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK G. LIGUORI, | Civil Action No.: 2:16-cv-1504 (CCC) |
| Plaintiff, | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CECCHI, District Judge.**

Before the Court is Plaintiff Mark G. Liguori's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB)" under §§ 216(i) and 223(d) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed in part, vacated in part, and the matter is remanded for further proceedings consistent with this Opinion.

## I. BACKGROUND

### A. Procedural Background

On July 17, 2012, Plaintiff applied for DIB, alleging disability as of March 17, 2012 due to anxiety/panic disorder and pain in his lower back, left hand, leg, and shoulder. Tr. at 14, 171-76, 192. The application was denied initially on December 18, 2012, and upon reconsideration on March 3, 2013. *Id.* at 109-17. On April 7, 2014, a hearing was held before ALJ Elias Feuer. *Id.* at 29-80. ALJ Feuer issued a decision on August 5, 2014 finding Plaintiff was not disabled, as defined by the SSA. *Id.* at 14-24. Plaintiff requested review of the decision and the Appeals

1

Council denied the request on January 20, 2016. *Id.* at 1. On March 17, 2016, Plaintiff instituted this action. ECF No. 1.

### B. Factual Background

Plaintiff was born on February 11, 1964 and has a high school education. Tr. at 82, 192. Plaintiff testified that he typically spends his days in his apartment alone unless he has a doctor's appointment. *Id.* at 52-54. Plaintiff had a license to work in the gaming industry in New Jersey and Florida, and worked as a cashier, line cook, casino dealer, pit supervisor, and dealt craps from 1991 until March 17, 2012. *Id.* at 34-41, 192-93. Plaintiff testified he was terminated for excessive absenteeism due to anxiety and pain in his back, shoulder and hands. *Id.* at 44-46. Plaintiff testified that he does not take medication for his physical ailments, but he does take medication to treat his anxiety, specifically Seroquel, Celexa, and Xanax. *Id.* at 50-52.

Plaintiff was in a car accident in 2008, and subsequently underwent treatment with a number of medical professionals. *Id.* at 329-30. Plaintiff underwent a series of lumbar epidural injections in 2009 for pain management following a neurosurgical evaluation and right rotator cuff surgery. *Id.* at 330, 336. From September to November in 2011, Plaintiff attended eighteen physical therapy sessions. Tr. at 54, 444-92. Dr. Richard Wilbur indicated Plaintiff had returned to work by November 11, 2011. Tr. at 336. Plaintiff testified that he sees a social worker on a monthly basis to help him cope with his anxiety and a doctor for medication management once every three months. Tr. at 66-67.

## II. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its]

2

own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

**B.     Determining Disability**

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C.

3

§§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. Id. Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. Id. at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. Id. Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the

4

plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

### III. DISCUSSION

#### A. Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the application date. Tr. at 16. At steps two and three, the ALJ found Plaintiff's impairments of degenerative disc disease in the lumbar spine, status post shoulder surgery for bone spurs in 2011, obesity, anxiety, and depression were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in 20 C.F.R. § 4014, Subpart P, Appendix 1. *Id.* at 16.

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of a limited range of light work as defined in 20 C.F.R. § 404.1567(b), except, *inter alia*, Plaintiff "is limited to performing simple, routine, repetitive tasks and making simple work-related decisions." *Id.* at 19. In making this finding, the ALJ considered all of Plaintiff's symptoms and their consistency with the evidence. *Id.* Specifically, the ALJ took into consideration Plaintiff's and Plaintiff's sister's statements indicating that Plaintiff's symptoms limit his physical abilities and that Plaintiff suffers from anxiety and panic attacks. *Id.* at 19-20. The ALJ found that the statements of Plaintiff and Plaintiff's sister concerning the intensity, persistence, and limiting effects of his symptoms were not fully credible as inconsistent with medical evidence of clinical findings and diagnostic tests. *Id.* at 22. The ALJ considered Dr. A.J.

5

Candela's clinical findings and consultative evaluation, Dr. Alexander Golin's assessment based upon Plaintiff's file, Dr. Monica Lintott's affirmation of Dr. Golin's findings, Dr. Wilbur's records regarding treatment prior to the alleged onset date of disability, and the physical examination findings completed by Frank A. Rotella, D.O. Additionally, the ALJ concluded that "[g]iven the allegedly debilitating nature of [Plaintiff's] pain, his failure to pursue some sort of medical treatment for his symptoms tend[s] to undermine the credibility of his allegations." *Id.*

At step four, the ALJ found that Plaintiff's RFC is not enough to perform his past relevant work as a line cook, cashier, and casino dealer. *Id.* at 22-23. At step five, the ALJ found there were jobs in significant numbers in the national economy Plaintiff could perform. *Id.* at 23-24. The ALJ identified these as: ticket taker, messenger, and advertising-material distributor. *Id.*

**B.     Analysis**

Plaintiff makes the following arguments in support of his contention that the ALJ's decision should be remanded: (1) the ALJ found a "severe" impairment of obesity at step two, but failed to consider obesity at all subsequent steps; (2) the ALJ erred in failing to give any consideration to the observations of Plaintiff's physical therapist; and (3) the ALJ did not sufficiently evaluate Plaintiff's panic attacks in the RFC. *See* Plaintiff's Brief ("Pl. Br.") ECF No. 17. The Court will address each argument in turn.

**1.     The ALJ Failed to Consider Plaintiff's Obesity at Step Three**

Plaintiff argues the Court should remand due to the ALJ's failure to evaluate Plaintiff's obesity in accordance with Social Security Ruling ("SSR") 02-01p, 2002 SSR LEXIS 1 (Sept. 12, 2002). The Third Circuit addressed this issue in *Diaz v. Commissioner of Social Security*, where the ALJ found obesity was a severe impairment at step two, but failed to assess the impact of obesity on the plaintiff's other impairments at step three. 577 F.3d 500, 503 (3d Cir. 2009). The

court determined that "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." *Id.* at 504. In assessing the impact of claimant's obesity, the ALJ must discuss the evidence and explain his reasoning in a manner that would be "sufficient to enable meaningful judicial review." *Id.*

Here, the ALJ found Plaintiff's obesity was a "severe" impairment at step two, but failed to mention obesity at the subsequent steps. As the Court remands on other grounds, as explained below, to the extent the Court cannot provide meaningful review of the ALJ's consideration of Plaintiff's obesity, on remand, the ALJ should consider the effects of Plaintiff's obesity in combination with his other impairments at step three and all subsequent steps.

### 2. The ALJ Failed to Explain the Weight Given to Records of Plaintiff's Physical Therapist

Plaintiff argues the ALJ erred in failing to give any consideration to Plaintiff's physical therapist. Pl. Br. at 10. "In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence [he] rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal citation omitted). *See also Logan v. Colvin*, No. 14-4571, 2015 WL 5722391, at *7 (D.N.J. Sept. 29, 2015) (finding "[t]he role of the District Court in reviewing an ALJ's denial of disability benefits is not to reweigh the evidence presented, but instead to determine whether the ALJ made a decision supported by substantial evidence").

Plaintiff argues the ALJ failed to consider evidence of Plaintiff's physical therapist, Eric

7

J. Quick with whom Plaintiff had over a dozen sessions and his records which include Plaintiff's subjective pain levels and indicated progress immediately preceding the alleged onset date of disability. Pl. Br. at 10. The Commissioner argues these records are not probative, as Plaintiff's physical therapy ended in November 2011 and the alleged onset date is March 17, 2012. Defendant's Brief, ECF No. 18, at 9. However, the regulations require that an ALJ "develop [Plaintiff's] complete medical history for at least the 12 months preceding the month in which" Plaintiff files an application. 20 C.F.R. §§ 404.1512(d). Moreover, *in Giese v. Commissioner of Social Security*, 251 Fed. Appx. 799, 804 (3d Cir. 2007), the Third Circuit found that exclusion of evidence prior to an alleged onset date was held to have been proper when the ALJ provided an explanation as to why at least some of the evidence predating the onset date would not be afforded substantial weight. *See also O'Donnell v. Astrue*, 10-1478, 2011 U.S. Dist. LEXIS 87382, at *20-22, 2011 WL 3444194 (W.D. Pa. Aug. 8, 2011). Whereas here, the ALJ did not provide a discussion of Plaintiff's physical therapy records, the Court cannot provide meaningful judicial review of the ALJ's consideration of this evidence. Accordingly, on remand, the ALJ should provide a sufficient explanation as to the evaluation of Plaintiff's physical therapy records.

### 3. The ALJ Properly Considered Plaintiff's Complaints of Panic Attacks

Plaintiff argues that the ALJ erred in failing to indicate why Plaintiff's panic attacks would not have an adverse vocational impact and fails to account for occasional daytime attacks in evaluating Plaintiff's RFC. Pl. Br. at 14. The Court finds the ALJ properly considered Plaintiff's subjective complaints, and sufficiently articulated why he found Plaintiff's statements to be only partially credible. Tr. at 19-22.

A plaintiff's allegations, standing alone, will not establish he is disabled. *See* 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you

are disabled."). When evaluating credibility, the ALJ must consider the extent to which the claimant's self-reported symptoms can "reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.* The claimant's treatment history and daily activities are relevant factors in assessing credibility. *Id.* § 404.1529(c)(3). The ALJ, as the factfinder, determines whether the plaintiff's subjective complaints are consistent with the objective medical evidence and, if not, the ALJ may discount them. *Id.* § 404.1529(a). Where the ALJ "has articulated reasons supporting a credibility determination," and substantial evidence supports the ALJ's findings, that determination will be entitled to "great deference." *See Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x 183, 188-89 (3d Cir. 2007) (quoting *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001)) (internal quotation marks omitted); *Vancord v. Colvin*, No. 13-27, 2014 WL 585413, at *2 (W.D. Pa. Feb. 14, 2014) ("[U]nder a deferential substantial evidence standard of review, it is particularly inappropriate to second guess such credibility determinations.").

Here, the ALJ expressly considered Plaintiff's and Plaintiff's sister's testimony as to Plaintiff's panic attacks, including Plaintiff's statement as to the worsening and increasing frequency of the panic attacks. Tr. at 20. However, in addressing Plaintiff's testimony on these issues, the ALJ found that the statements concerning intensity, persistence, and limiting effects were not fully credible, as the medical evidence was not consistent with the severity of symptoms and the degree of limitations with regard to his physical impairments. *Id.* Specifically, the ALJ indicated Dr. Candela's report stated Plaintiff's panic attacks "would not significantly interfere with his mental ability to perform basic work activities," that his panic attacks occur mostly at night when he is alone, last about five minutes, and that Plaintiff "indicated that his panic attacks were alleviated almost immediately after he takes his medications[.]" *Id.* Further, the ALJ

9

sufficiently explained that he "grant[ed] significant weight to [] the opinion of Dr. Candela because his clinical findings support his assessment and because his assessment is consistent with the record as a whole." *Id.* Accordingly, the ALJ's analysis of Plaintiff's panic attacks was supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court will affirm in part and vacate in part the ALJ's decision and remands this case for further administrative proceedings consistent with this Opinion. An appropriate order accompanies this Opinion.

Dated: September 22, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.